UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM T. JACKLING,

            Plaintiff,

     v.

HSBC BANK USA, N.A.,
and HSBC MORTGAGE CORPORATION
(USA),

            Defendants.
_____

**DECLARATION OF CHAD W. FLANSBURG**

Case No. 6:15-cv-06148-FPG

       CHAD W. FLANSBURG, pursuant to the provisions of 28 U.S.C. § 1746, states and declares under penalty of perjury that the following is true and correct:

       1.    I am an attorney duly authorized to practice before this Court, and a member of Phillips Lytle LLP, attorneys for defendants HSBC Bank USA, N.A. ("HSBC Bank") and HSBC Mortgage Corporation (USA) ("HSBC Mortgage") (collectively "HSBC" or "Defendants").

       2.    I make this declaration in support of HSBC's motion *in limine* to preclude Plaintiff William T. Jackling ("Jackling") from: 1) submitting evidence relating to the four (4) alleged credit denial letters at issue in this action (the September 14, 2014, Dorschel North credit denial; the February 13, 2015, Summit Federal Credit Union denial for vehicle financing from Cortese Ford Lincoln Mercury; the February 23, 2015, TD Auto Finance denial for vehicle financing from Cortese Ford; and the March 6, 2015, Fifth Third Bank denial for vehicle financing from Valenti Ford) (collectively the "credit denial letters"); 2) from calling witness David M. Kaplan to testify to matters and statements provided to

Hon. Marion W. Payson in August 2017, as part of settlement discussions; 3) from calling witnesses Sheila Ferguson and Janet Pyzer Young to testify regarding HSBC's policy with respect to closing documents; 4) from Jackling testifying that he was never late with his mortgage payments and damages related to alleged credit denials from Dorschel North and Cortese; and 5) from calling witness Jules Steele to testify regarding damages.

3. In Jackling's pretrial statement, he proffers David M. Kaplan, Esq. as a trial witness that will testify as to "statements on the annexed (redacted) copy of the information he provided to Hon. Marian W. Payson, in August, 2017." See ECF No. 91. Mr. Kaplan is Jackling's former counsel. The report (ECF No. 91, p. 13-16) that will be the subject of Mr. Kaplan's testimony is a confidential settlement report that was submitted by Plaintiff to Hon. Marian W. Payson, in August 2017, as part of judicially sponsored settlement discussions. ECF Nos. 47, 48 & 52.

4. Settlement negotiations were extensive in this case. *See* ECF Nos. 48, 51-53, 55-58, & 77. Hon. Marian W. Payson conducted a judicially sponsored settlement conference on August 24, 2017. *See* ECF No. 52. In advance of this settlement conference, the Court directed that the parties submit directly to chambers a confidential settlement report. Plaintiff's counsel conceded at the pretrial conference conducted on August 2, 2019, that the report that he intends to offer at trial is a redacted copy of this confidential settlement report. Jackling's counsel further conceded at the pretrial conference that the letter was redacted to remove, among other things, language indicating that it was submitted for settlement purposes only. Offering at trial the redacted confidential mediation report clearly violates the rule of completeness and the confidential report is inadmissible.

5. As discussed in more detail in HSBC's Memorandum of Law submitted herewith, Jackling seeks to call Jules Steele to provide expert testimony at trial.

6. The Consent Scheduling Order in this case required, among other things, Jackling to identify any expert witness by May 16, 2017. ECF No. 47. Jackling did not identify any expert witnesses by that deadline.

7. Permitting Steele to testify as an undisclosed expert at trial would substantially prejudice HSBC. For example, at this late stage in the litigation, HSBC is unable to secure their own expert to counter the expert opinions of Mr. Steele. HSBC is also unable to conduct the expert discovery that it would have performed had timely expert disclosure been made by Plaintiff. The Consent Scheduling Order required this expert discovery to be completed by October 1, 2017. ECF No. 47.

8. Relevant pages of transcript of Jackling's deposition conducted on June 5, 2019, is attached as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 15, 2019
      Rochester, New York

                                            /s/ Chad W. Flansburg
                                            Chad W. Flansburg