UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM T. JACKLING,

                            Plaintiff,

                            Case # 15-CV-6148-FPG

v.

                            DECISION AND ORDER

HSBC BANK USA, N.A. and
HSBC MORTGAGE CORPORATION (USA),

                            Defendants.

## INTRODUCTION

Before the Court are three motions in limine filed by Defendant, HSBC Bank USA, N.A. and HSBC Mortgage Corporation (USA) (collectively "HSBC"). ECF Nos. 87, 94, 97. For the reasons discussed below, the motions in limine are GRANTED. And because this ruling prevents Plaintiff from presenting evidence as to the only remaining issues in this case following summary judgment, this case is DISMISSED.

## BACKGROUND

On March 16, 2015, Plaintiff William T. Jackling brought this action against Defendant HSBC asserting six claims for violation of the Fair Credit Reporting Act, a seventh claim for breach of contract, an eighth claim for violation of the Truth in Lending Act, and a ninth claim under the Home Affordable Modification Program. ECF No. 1. Jackling claimed that HSBC inaccurately reported delinquencies on his mortgage payments, failed to reasonably investigate its reporting of those payments in response to two credit report disputes that he lodged in December 2014 and January 2015, and caused him to suffer economic and emotional damages.

On January 10, 2019, this Court granted summary judgment in favor of HSBC on Jackling's first, second, third, fourth, seventh, eighth, and ninth claims and denied summary judgment as to two limited issues within Jackling's fifth and sixth claims: (1) whether, in response to Jackling's December 2014 and January 2015 credit report disputes, HSBC reasonably investigated the accuracy of its reporting of certain mortgage modification payments Jackling made in 2011, and (2) whether Jackling suffered economic damages in the form of credit denials from Dorschel Toyota and Cortese Ford due to HSBC's reporting and investigation of those payments. ECF No. 74.

On May 24, 2019, the Court set a trial date of September 3, 2019 and set a pretrial conference for August 2, 2019. ECF No. 80. The Pretrial Order required the parties to submit, among other things, a witness list, exhibit list, proposed jury instructions, and a statement of damages at least two weeks before the pretrial conference, *i.e.* by July 19, 2019. *Id.*

Jackling failed to file any pretrial materials by July 19. Consequently, on July 23, 2019, HSBC moved to dismiss for lack of prosecution and failure to obey court orders. ECF No. 85. The Court denied HSBC's motion to dismiss but ordered Jackling to file his pretrial materials by July 26, 2019 and warned him that failure to do so may result in dismissal or other sanctions. ECF No. 86.

On July 26, Jackling filed a witness list and voir dire information, but did not file an exhibit list, proposed jury instructions, or a statement of damages. ECF Nos. 88, 89, 90.[1] The same day, HSBC filed a motion in limine. ECF No. 87 ("First Motion in Limine"). The First Motion in Limine sought to exclude evidence related to (1) Jackling's claim that HSBC agreed not to report delinquent payments during a forbearance period Jackling had entered into regarding his mortgage

---

[1] To date, Jackling has not filed proposed jury instructions or a statement of damages.

2

payments, as the Court rejected that argument on summary judgment; (2) the credit denial from Cortese Ford, as Jackling had not identified any witnesses to testify to those matters or authenticate the Cortese credit denial letters he had submitted on summary judgment; and (3) the credit denial by Dorschel Toyota, as Dorschel had denied Jackling credit *before* he lodged his credit report disputes, and thus HSBC's investigation of those disputes could not have caused Jackling's damages.

At the August 2, 2019 pretrial conference, the Court warned Jackling that granting HSBC's First Motion in Limine would result in the dismissal of his case because it would preclude him from introducing evidence on the only issues that survived summary judgment. Jackling's counsel indicated his understanding of this consequence and asked permission to call additional witnesses not disclosed on his witness list in order to authenticate the credit denial letters. The Court ordered Jackling to file his complete witness and exhibit list by August 15, 2019 and to respond to HSBC's First Motion in Limine by August 16, 2019. ECF No. 92. The Court also ordered both parties to submit additional briefing regarding the relevance and admissibility of Jackling's existing proposed witnesses by August 16, 2019. ECF No. 92, 93.

On August 15, 2019, Jackling filed a response to HSBC's First Motion in Limine and a Notice of Expert Testimony, but no witness or exhibit list. ECF No. 95. Attached to Jackling's response was a letter advising the Court that he would not be able to file the other materials by the August 16 deadline and requesting a week's extension of time and an adjournment of trial if necessary. ECF No. 95 at 6. The Court granted an extension until August 19 and warned Jackling that the trial would not be adjourned. ECF No. 96.

Additionally, HSBC filed a Second Motion in Limine seeking to preclude Jackling from submitting evidence related to the Dorschel and Cortese denial letters, evidence related to matters

3

already decided on summary judgment, and testimony from all of the witnesses on his witness list (except Jackling himself). ECF No. 94.

On August 19, 2019, Jackling submitted a letter and binder to HSBC and to the Court containing exhibits and some other documents, but omitting a complete witness list, proposed jury instructions, or Jackling's itemization of damages.[2]

On August 20, 2019, HSBC filed a letter-motion for an order precluding Jackling from calling any witness not already disclosed, from offering any exhibits, and denying any further extensions of time. ECF No. 97 (from now on referred to as the "Third Motion in Limine").

The Court now turns to its analysis of HSBC's three motions in limine.

## DISCUSSION

Because some of the issues in HSBC's motions in limine overlap, the Court analyzes them issues by issue rather than motion by motion.

**I.  Jackling is Precluded from Introducing Evidence Related to the Dorschel Toyota Credit Denial**

In its First Motion in Limine, HSBC argues that Jackling should be precluded from introducing evidence on damages related to the Dorschel Toyota credit denial because Dorschel denied him credit in September 2014, *before* Jackling lodged his December 2014 and January 2015 credit report disputes. Thus, HSBC's investigation of those two disputes could not have caused Dorschel's denial of credit and the evidence of that credit denial is irrelevant to this case. *See* ECF No. 87-6 at 8-10.

The Court agrees. "[T]he duty to investigate a credit dispute is triggered only upon notice of the dispute from a consumer reporting agency." *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 305 (E.D.N.Y. 2014); *see also Casella v. Equifax Credit Info. Serv.*, 56 F.3d 469, 473 (2d

---

[2] The contents of the binder were filed on August 22, 2019 at ECF No. 98.

4

Cir. 1995) (holding that damages occurring prior to appellant notifying credit reporting agencies of inaccurate credit information "cannot be compensable as 'actual damages' for a violation of the FCRA"); *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 830 (E.D.N.Y. 1994) (granting summary judgment to defendant where plaintiff failed to present evidence that the credit reporting agency had been notified of inaccuracies on credit report prior to plaintiff's alleged damages). HSBC's motion in limine on this issue is therefore GRANTED.

## II. Jackling is Precluded from Introducing Evidence Related to the Cortese Ford Credit Denial

On summary judgment, Jackling submitted two[3] credit denial letters related to Cortese Ford: one from The Summit Federal Credit Union, ECF No. 69-19 at 2, and one from TD Auto Finance. ECF No. 69-20 at 2. HSBC objected to the Court's consideration of these letters on summary judgment as hearsay, but the Court, in its discretion, considered them based on the possibility that Jackling could authenticate them at trial. ECF No. 74 at 13-14.

However, Jackling has failed to disclose any witnesses who could authenticate and lay the foundation for the admission of these letters or otherwise testify regarding the Cortese credit denials. Pursuant to the Court's Pretrial Order, Jackling's witness list was due by July 19, 2019. ECF No. 80. Jackling missed that deadline and the Court gave him until July 26, 2019. ECF No. 86. While Jackling filed a witness list on that date, none of the witnesses are from Cortese Ford or the lenders related to his Cortese credit applications.

---

[3] Jackling also submitted a third letter from Fifth Third Bank sent in March 2015 denying credit pursuant to an application from Valenti Ford in Mystic, Connecticut. ECF No. 69-21 at 2. In his summary judgment response, Jackling briefly mentioned this letter in connection with the Cortese Ford credit application, indicating that Cortese sent his application to five different banks. ECF No. 69 at 9. He also testified that he did not recall applying for credit with Valenti Ford and that he thought the Valenti application was connected to Cortese. ECF No. 87-2 at 26. HSBC's arguments as to the Cortese denial letters also apply to the Valenti denial letter.

At the August 2, 2019 pretrial conference, Jackling asked the Court for permission to call additional witnesses not disclosed on his July 26, 2019 witness list. The Court gave Jackling until August 15, 2019 to file his complete witness list. ECF No. 92. Jackling missed that deadline. On August 22, 2019, Jackling filed a witness list, but it merely states that "if necessary" Jackling will produce "representatives" from Cortese Ford and Summit Federal Credit Union. ECF No. 98 at 4.

This is insufficient. Even before the Court issued its Pretrial Order, during the discovery phase of this case, witness disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) were due by July 10, 2015. ECF No. 14. An amended scheduling order provided that all factual discovery was to be completed by September 30, 2016. ECF No. 16. Even if Jackling was unable to identify all of his witnesses during discovery, he was under a continuing obligation to update his disclosures as information became available. *See* Fed. R. Civ. P. 26(e)(1). The exercise of due diligence would have enabled Jackling to identify his witnesses long before the eve of trial.

Accordingly, because Jackling failed to timely identify any witnesses related to the Cortese Ford credit denial, he is precluded from calling such witnesses. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Sterling-Kates Props. Joint Venture v. United States*, 5 Cl. Ct. 398, 400 (Cl. Ct. 1983) ("The customary, and by no means unreasonable, sanction for such an omission is to provide that the party is prohibited from introducing at trial any evidence of which it failed to provide notice through the required pretrial submission.").

Without a proper witness, Jackling cannot authenticate or lay the foundation required to admit the Cortese credit denial letters into evidence. The Court therefore GRANTS HSBC's motion in limine to preclude Jackling from introducing evidence as to the Cortese credit denial.

### III. Jackling is precluded from Calling His Remaining Listed Witnesses

Jackling's witness lists include several witnesses whose proposed testimony would be irrelevant to the limited issues that survived summary judgment. HSBC moves in limine to preclude the testimony related to these issues. ECF No. 94.

First, HSBC moves to preclude Jackling from calling Sheila Ferguson and Janet Pyzer Young, both former HSBC employees, who would testify that that all "closing documents" had to be signed by an authorized HSBC representative. ECF No. 98 at 3-4. However, none of the remaining issues for trial have anything to do with closing documents. To the extent that Jackling attempts to introduce these witnesses to discuss the execution of a forbearance agreement that Jackling entered into regarding his mortgage payments, the Court already disposed of this issue on summary judgment. *See Morales v. N.Y.S. Dep't. of Labor, Div. of Emp't Servs.*, 530 F. App'x. 13, 15 (2d Cir. 2013) (summary order) (affirming district court's exclusion of evidence related to a claim that "had already been dismissed at summary judgment").

Second, HSBC moves to preclude Jackling from calling his former attorney, David M. Kaplan, as a witness. ECF No. 94-3 at 13. Jackling seeks to elicit from Kaplan evidence regarding settlement negotiations with HSBC. ECF Nos. 88, 91 at 3, 98 at 4. Kaplan prepared a settlement report for Magistrate Judge Marian W. Payson in 2017. ECF No. 91 at 13-16. The settlement report references issues that were disposed of on summary judgment and does not include substantive information as to HSBC's investigations or any information regarding the Dorschel or

7

Cortese credit denials. The report mainly summarizes why Jackling was never delinquent in his mortgage payments and HSBC's admission of this.

Kaplan's testimony would be irrelevant and inadmissible. He does not have personal knowledge of the facts underlying Jackling's claims or damages. *See* Fed. R. Evid. 401. Further, under Federal Rule of Evidence 408, evidence relating to settlement negotiations is inadmissible to "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). While evidence regarding settlement negotiations may be used for other purposes, such as to prove bias, negate a contention of undue delay, or prove an effort to obstruct a criminal investigation or prosecution, Fed. R. Evid. 408(b), Jackling has not argued that Kaplan's testimony would serve these or any other permissible purposes.

Third, HSBC moves to preclude Jackling from calling Jules Steele,[4] who Jackling belatedly designated as an expert. *See* ECF Nos. 91 (listing Steele as a witness but not an expert); 98 at 2 (designating Steele as an expert). Jackling seeks to elicit testimony regarding the effect a person's credit score has on his ability to obtain home and auto insurance and how a credit score can affect insurance rates. This testimony would also be irrelevant to the issues remaining after summary judgment, which have nothing to do with insurance.[5]

Accordingly, HSBC's motion in limine is GRANTED as to Sheila Ferguson, Janet Pyzer Young, David M. Kaplan, and Jules Steele.

---

[4] Jackling's first witness list (ECF No. 84-1) lists "Jules Steele," while his second witness list and notice of expert testimony (ECF Nos. 98 and 95) list "Joel Steele."

[5] In his complaint , Jackling listed eight occasions on which he was denied credit, including a denial of insurance from AllState. ECF No. 37 at 8 ¶ 32. However, Jackling did not mention insurance damages on summary judgment except to vaguely claim that he was "denied credit, loans, or insurance coverage." ECF No. 69 at 7. He provided no evidence as to insurance related damages. Thus, as noted, the only issues surviving summary judgment related to the Dorschel and Cortese credit denials.

## IV. This Action is Dismissed

As noted above, pursuant to the Court's summary judgment order, ECF No. 74, trial in this case was limited to two issues: (1) whether, in response to Jackling's December 2014 and January 2015 credit report disputes, HSBC reasonably investigated the accuracy of its reporting of certain mortgage modification payments Jackling made in 2011, and (2) whether (and the extent to which) Jackling suffered economic damages in the form of credit denials from Dorschel Toyota and Cortese Ford due to HSBC's reporting and investigation of those payments. ECF No. 74. Because, based upon the above rulings, Jackling is unable to present evidence as to these issues at trial, this action is DISMISSED.

To the extent that this dismissal could be considered a sanction under Federal Rules of Civil Procedure 16(f)(1)(C), 37(b)(2)(A)(v), or 41(b), the Court discusses the factors required to dismiss an action for failure to comply with court orders.

The same standards govern dismissal under Rules 16(f) and 37(b): the Court may dismiss an action if "(1) the party has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the party has been warned of the risk of dismissal for failure to comply with court orders." *McNair v. Ponte*, No. 16-CV-1722 (LAP), 2019 WL 1428349, at *5 (S.D.N.Y. Mar. 29, 2019) (quoting *Camara v. Daise*, No. 98 CIV 808 RMB RLE, 2001 WL 263006, at *5 (S.D.N.Y. Mar. 9, 2001)).

Further, courts have looked to the factors required for dismissal under Rule 41(b) when analyzing dismissal under Rule 37(b) and have found the factors to be similar. *Id.* The Rule 41(b) factors are:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing

> its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*McNair*, 2019 WL 1428349, at *6 (quoting *Dones v. Smalls*, No. 17-CV-6038 (JPO), 2018 WL 4211314, at *1 (S.D.N.Y. Sept. 4, 2018)). None of the factors are dispositive. *Id.*

Here, the Court finds that the factors weigh in favor of dismissal.

**1. Length of Noncompliance and Willfulness**

Jackling has failed to identify witnesses related to the Cortese Ford credit denials since 2015 when his initial Rule 26 disclosures were due. However, even if the Court construes the disclosure deadline to be the more recent date of July 19, 2019 as set forth in the Pretrial Order, Jackling failed to notify HSBC and the Court that he would be calling witnesses related to the Cortese denial until August 20, 2019, and even then, he failed to specifically identify the witnesses. Although the length of time between July 19 and August 20 is not particularly long, given the imminence of trial and the repeated Court orders for a complete witness list, this factor supports dismissal.

The noncompliance also appears to be willful. HSBC has repeatedly requested that Jackling identify his exhibits and witnesses and at the August 2, 2019 pretrial conference, the parties and the Court discussed the need for all witnesses to be disclosed in advance of trial. The Court gave Jackling until August 15, 2019 to file a complete witness list and he failed to comply.

On August 15, Jackling requested a week's extension of time to file his witness list and other pretrial materials and an adjournment of trial if necessary. ECF No. 95 at 6. The Court granted an extension of time until August 19 and indicated that the trial would not be adjourned. ECF No. 96. Jackling nevertheless failed to file his materials by August 19 and when he did, he failed to specifically identify the Cortese witnesses. Accordingly, this factor favors dismissal.

## 2. Notice

Jackling has been put on notice that the failure to file his witness list and other pretrial materials could result in dismissal. On July 23, 2019, HSBC moved for dismissal of the action for failure to prosecute and failure to comply with the Pretrial Order pursuant to Rules 16(f) and 41(b). ECF No. 85. Although the Court denied the motion and gave Jackling until July 26, 2019 to file his pretrial materials, it warned him that "failure to do so may result in dismissal or other sanctions." ECF No. 86.

Then, at the August 2, 2019 pretrial conference, the Court warned Jackling that granting HSBC's motion in limine would result in dismissal because it would preclude Jackling from introducing evidence as to his only remaining claims. Jackling has still failed to identify witnesses that would allow for the introduction of evidence as to the Cortese Ford credit denials. Accordingly, this factor weighs in favor of dismissal.

## 3. Prejudice to HSBC

HSBC has consistently asserted that it is prejudiced by Jackling's failure to file his pretrial materials.

In its motion to dismiss, HSBC argued that Jackling's failure to timely file his pretrial papers prejudiced HSBC's ability to prepare for trial because it could not prepare for cross-examination of unidentified witnesses or file appropriate motions in limine. ECF No. 85-2 at 8.

In its Second Motion in Limine, HSBC argued that Jackling should be precluded from offering any evidence related to the Cortese credit denial because he failed to disclose any witnesses who could authenticate or lay the foundation for Jackling's proffered credit denial letters. ECF No. 94-3 at 11-13.

Finally, in its Third Motion in Limine, HSBC outlined Jackling's repeated delays in filing his pretrial papers and producing a complete witness list and again lamented its inability to prepare for trial without that information. It requested an order denying any further extensions of time to file complete pretrial documents, precluding Jackling from calling any witnesses other than those already disclosed in his submissions, and dismissing the action.

The Court agrees that HSBC has been prejudiced.

> The purpose of Rule 26 disclosures and discovery in general as well the filing of the joint trial memorandum is to provide notice to each party of the individuals who have relevant information and to enable both sides to adequately prepare for trial. Here, it would be prejudicial to Defendant to allow an individual who has not been previously identified to testify at trial without affording the Defendant at least an opportunity to depose that individual prior to trial.

*Marceline v. Delgado*, No. 3:09CV1591 VLB, 2012 WL 517301, at *5 (D. Conn. Feb. 16, 2012) (ordering Plaintiffs to "identify the unnamed witness at least one month prior to trial to afford Defendant the opportunity to depose the individual" and warning that failure to do so could result in preclusion of that testimony at trial).

Similarly, here, Jackling's failure to identify his witnesses hampers HSBC's ability to prepare for trial. This factor also supports dismissal.

4. **Balancing of Interests**

"The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases." *Oliver v. Grebleski,* No. 17-CV-292(LJV), 2019 WL 1048295, at *2 (W.D.N.Y. Jan. 17, 2019), *Report and Recommendation adopted*, 2019 WL 1050013 (Mar. 5, 2019); *Agosto v. Fischer*, No. 16-CV-00824A(F), 2019 U.S. Dist. LEXIS 54602, at *15-16 (W.D.N.Y. Mar. 28, 2019) ("Insofar as the court must attempt to strike a balance between alleviating court congestion and protecting Plaintiff's right to due process and a fair chance to be

heard, the court takes judicial notice that the Western District of New York is one of the most congested district courts in the country.").

Further, this case has been pending since 2015, giving Jackling years to identify his trial witnesses. The Court issued its summary judgment order in January 2019 and set a status conference for February 2019 to set a trial date. ECF No. 75. The Court granted three adjournments of the pretrial conference to allow the parties to pursue settlement. ECF Nos. 76, 77, 79. The Court has since warned Jackling that the trial would not be adjourned. ECF No. 96. This Court already has trials scheduled into the spring of 2020.

While the Court recognizes Jackling's right to be heard, he has had ample opportunity to prepare for trial and submit his pretrial documents. Moreover, Jackling's deposition testimony, taken after summary judgment was granted, proves that he suffered no damages as a result of the Cortese denial. ECF No. 87-6 at 16. Specifically, Jackling testified that he was looking for a Ford Fusion but decided not to purchase one from Cortese Ford because Cortese was unable to provide him with a Fusion that had properly functioning driver's assistance technology. ECF No. 87-2 at 21-24. Jackling ultimately purchased a Ford Fusion from Genesee Ford and was able to obtain financing. ECF No. 87-4 at 3. Thus, even if the Court permitted Jackling to introduce evidence regarding the Cortese denial letters, he would still be unable to prove that he suffered damages.

Accordingly, this factor favors dismissal.

### 5. Alternative Remedies

The Court finds that no less severe remedy is available. Dismissal here is more a function of Jackling's inability to present evidence as to his only remaining claims than it is a sanction. The only way that Jackling would be able to fairly present witnesses as to the Cortese Ford credit denials would be for the Court to grant an adjournment to permit those witnesses to be identified

and deposed by HSBC if necessary. But for the reasons discussed above as to the balancing of interests—and because Jackling has not even identified the witnesses—adjournment of the trial is not appropriate. This factor also favors dismissal.

## CONCLUSION

For the foregoing reasons, HSBC's motions in limine (ECF Nos. 87, 94, 97) are GRANTED, and this case is DISMISSED. The Clerk of Court is directed to enter judgment in favor of Defendant HSBC and close this case.

IT IS SO ORDERED.

Dated: August 28, 2019
      Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          Chief Judge
                                          United States District Court